**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **JR CAPITAL, LLC** <br><br> *Defendant*. | Case No. <br><br> 2:26-cv-02878 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, JR Capital, LLC ("JR Capital"), by and through its attorneys, states as follows

for its answer and affirmative defenses to Plaintiff's Class Action Complaint:

**ANSWER**

1.      Telemarketing calls are intrusive. A great many people object to these calls,

which interfere with their lives, tie up their phone lines, and cause confusion and disruption on

phone records. Faced with growing public criticism of abusive telephone marketing practices,

Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105

Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id*. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights,

public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited materials.  JR

Capital lacks knowledge or information sufficient to form a belief about the truth of any

remaining allegations in this paragraph.

2.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulations and case.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

3.     The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that JR Capital, LLC violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without

their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

**ANSWER:** JR Capital admits that Plaintiff seeks relief under the TCPA and that Plaintiff brings this suit as a putative class action. JR Capital denies that Plaintiff is entitled to relief under the TCPA and denies that class certification is appropriate. JR Capital denies any remaining allegations in this paragraph.

4. Plaintiff Shelton is an individual residing in the Eastern District of Pennsylvania.

**ANSWER:** JR Capital lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendant JR Capital, LLC is a company that sells various sorts of equipment, like trucks, vans, and trailers throughout Pennsylvania and across the United States.

**ANSWER:** JR Capital admits that it is headquartered in Arizona. JR Capital admits that it provides financing for businesses to purchase equipment in the United States. JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

**ANSWER:** JR Capital admits that this Court has subject-matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. JR Capital denies any remaining allegations in this paragraph.

7. This Court has specific personal jurisdiction over Defendant because it sent text messages to Plaintiff at his 215- area code number to attempt to sell him its equipment.

**ANSWER:** JR Capital does not contest personal jurisdiction for purposes of this action. JR Capital admits that it sent text messages to the subject telephone number that provided information about business-equipment financing. JR Capital denies the remaining allegations in this paragraph.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the text messages at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** JR Capital does not contest venue. JR Capital admits that it sent text messages to the subject telephone number that provided information about business-equipment financing. JR Capital denies that Plaintiff is entitled to relief under the TCPA. JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

9.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital admits that 47 U.S.C. § 227(c)(5) states that a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State-- (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "No person or entity shall initiate any

telephone solicitation to…A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."  JR Capital denies any remaining allegations in this paragraph.

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** JR Capital admits that this paragraph paraphrases the cited regulation.  JR Capital denies any remaining allegations in this paragraph.

11.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation.  JR Capital denies any remaining allegations in this paragraph.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** JR Capital admits that 47 U.S.C. § 227(c)(5) states that a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "No person or entity shall initiate any telephone solicitation to…A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." JR Capital admits that 47 CFR § 64.1200(c) states, in part, that "Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if…It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the [certain] standards." JR Capital denies any remaining allegations in this paragraph.

13.    The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation. JR Capital denies any remaining allegations in this paragraph.

14.    The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** JR Capital admits that this paragraph quotes from the cited regulation. JR Capital denies any remaining allegations in this paragraph.

15.    A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025) (same Defendant).

6

**ANSWER:** JR Capital admits that the allegations in this paragraph purport to paraphrase the cited case.  JR Capital denies any remaining allegations in this paragraph.

16.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** JR Capital admits the allegations in this paragraph.

17.     At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

**ANSWER:** JR Capital admits that it sent text messages to the subject telephone number that provided information about business equipment financing.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18.     Plaintiff's telephone number, (215) XXX-XXXX, is a residential, non-commercial telephone number.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.

19.     Plaintiff uses the number for personal, residential, and household reasons.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.

20.     Plaintiff does not use the number for business purposes or business use.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.

21.    The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.

22.    Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

**ANSWER:** JR Capital denies the allegations in this paragraph.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.

23.    Plaintiff's telephone number has been listed on the National Do Not Call Registry over a year prior to the calls at issue.

**ANSWER:** JR Capital denies that the subject telephone number is a residential telephone number properly registered on the National Do Not Call Registry.  JR Capital affirmatively states that the subject telephone number was assigned to a construction company.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

24.    Despite that fact, the Plaintiff received at least three telemarketing text message calls from the Defendant.

**ANSWER:** JR Capital admits that it sent text messages to the subject telephone number that provided information about business equipment financing.  JR Capital denies that the subject telephone number was a residential number properly registered on the National Do Not Call

8

Registry and denies that the text messages constitute telemarketing calls.  JR Capital denies any remaining allegations in this paragraph.

25.    The text message calls were sent on at least June 24, 2024, September 2, 2024, and June 23, 2025.

**ANSWER:** JR Capital admits that it sent text messages to the subject telephone number that provided information about business equipment financing.  JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

26.    The text message calls all came from the following number. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of that dip is as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 8163754003 | Y | GREENWOOD MO | ONVOY |

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27.    As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Onvoy, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

9

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28.    It is also not possible for any individual to call that number back with a voice call to lodge a Do Not Call request during regular business hours.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29.    Nor will anybody calling that telephone number with a voice call receive an alternate number to call to lodge a Do Not Call request during regular business hours.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

30.    Onvoy provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Onvoy's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31.    The text messages all advertised various sorts of equipment:



**ANSWER:** JR Capital admits that it sent text messages to the subject telephone number that provided information about business equipment financing.  JR Capital denies any remaining allegations in this paragraph.

32.     Under the TCPA, as confirmed by the Supreme Court and this Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016); *Newell v. Children's Dental Health Associates, LLC*, No. CV 25-5238, 2026 WL 927378, at \*1 (E.D. Pa. Apr. 6, 2026).

**ANSWER:** JR Capital admits that the Supreme Court has stated: "Neither party disputes that the TCPA's prohibition also extends to sending unsolicited text messages. See *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). We therefore assume that it does without considering or resolving that issue." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n. 2 (2021).  JR Capital denies any remaining allegations in this paragraph.

33.     The calls were unwanted.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

34.     The calls were nonconsensual encounters.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

35.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER:** JR Capital denies the allegations in this paragraph.

36.     Plaintiff never provided his consent or requested the calls.

**ANSWER:** JR Capital denies that the text messages constitute telemarketing calls.  JR Capital lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

37.    Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** JR Capital denies the allegations in this paragraph.

38.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** JR Capital restates its answers to those paragraphs.

39.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of JR Capital's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**ANSWER:** JR Capital admits that Plaintiff seeks to certify the two classes defined in this paragraph. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies any remaining allegations in this paragraph.

40.    Numerosity: The exact number of Class members is unknown but based on the en masse nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

41.    Typicality: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

42.    Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

14

**ANSWER:** JR Capital admits that Plaintiff seeks class certification.  JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.  JR Capital denies the remaining allegations in this paragraph.

43.    Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.    Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.    whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class, and whether such CPN or ANI would have allowed any person to make a do not call request during regular business hours;

c.    Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d.    Whether Defendant should be held liable for violations committed on its behalf; and

e.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital admits that Plaintiff seeks class certification.  JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.  JR Capital denies the remaining allegations in this paragraph.

44.    Superiority: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

15

individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

45. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

   a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

   d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** JR Capital admits that Plaintiff seeks class certification. JR Capital denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. JR Capital denies the remaining allegations in this paragraph.

## **COUNT I**

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** JR Capital restates its answers to those paragraphs.

16

47.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

**ANSWER:** JR Capital admits that 47 C.F.R. § 64.1200(c)(2) states, in part, that "No person or entity shall initiate any telephone solicitation to…A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." JR Capital denies any remaining allegations in this paragraph.

48.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:** JR Capital denies the allegations in this paragraph.

49.     These violations were willful or knowing.

**ANSWER:** JR Capital denies the allegations in this paragraph.

50.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

51.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

17

## COUNT II

52.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** JR Capital restates its answers to those paragraphs.

53.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** JR Capital denies the allegations in this paragraph.

54.     It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** JR Capital denies the allegations in this paragraph.

55.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, as well as without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

**ANSWER:** JR Capital denies the allegations in this paragraph.

56.     These violations were willful or knowing.

**ANSWER:** JR Capital denies the allegations in this paragraph.

57.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID

18

transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

58.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** JR Capital denies the allegations in this paragraph.

WHEREFORE, JR Capital respectfully requests that this Court enter judgment in JR Capital's favor and against Plaintiff, and award JR Capital its costs and such other relief as this Court deems proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Class Action Complaint fails to state a claim upon which relief may be granted.

2.     JR Capital is not liable to Plaintiff or any putative member of the do-not-call class, because any violation was the result of error, and, as part of its routine business practices, JR Capital, among other things, maintains a process to comply with do-not-call requirements.

3.     Plaintiff's and/or other putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

4.     Plaintiff and/or other putative class members lack standing to pursue some or all of their claims.

5.     Plaintiff and/or other putative class members have failed to mitigate their damages.

6.     Plaintiff's claims for injunctive relief are barred, in whole or in part, by the mootness doctrine.

19

7.       JR Capital reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

WHEREFORE, JR Capital respectfully requests that this Court enter judgment in JR Capital's favor and against Plaintiff, and award JR Capital its costs and such other relief as this Court deems proper.

Dated: July 6, 2026                           Respectfully submitted,


                                              /s/ Laura K. Conroy
                                              Laura K. Conroy
                                              PA State Bar No. 206797
                                              **HUSCH BLACKWELL LLP**
                                              1801 Pennsylvania Avenue, NW
                                              Suite 1000
                                              Washington, D.C. 20006-3606
                                              Laura.Conroy@huschblackwell.com
                                              Tel: 202-378-5388
                                              Fax: 202-378-2319

                                              Scott J. Helfand (*Pro Hac Vice* motion
                                              forthcoming)
                                              **HUSCH BLACKWELL LLP**
                                              120 South Riverside Plaza
                                              Suite 2200
                                              Chicago, IL 60606
                                              Scott.Helfand@huschblackwell.com
                                              Tel: 312-341-9876
                                              Fax: 312-655-1501


                                              *Attorneys for Defendant*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all CM/ECF registered users.

*/s/ Laura K. Conroy*
Laura K. Conroy

Dated: July 6, 2026