**JOINT RULE 16 CONFERENCE INFORMATION REPORT**
**Judge Juan R. Sánchez**

Caption:_____Shelton v. JR Capital_____   Civil Action No.:___2:26-cv-02878_____
Basis of Jurisdiction:_Federal Question_____   Jury or Non-Jury Trial:_____Jury___

Plaintiff's lead trial counsel: Andrew Roman Perrong_____
Defendant's lead trial counsel:_Scott J. Helfand_____

Has settlement been discussed?_Yes_____
        If not, why not?_N/A_____
Do counsel have full authority to settle at Rule 16 conference?

>   **Plaintiff's position:**  Plaintiff's counsel states that he has authority to settle but only on a class basis.

>   **Defendant's position:**  Defendant's counsel has requested that Plaintiff make an individual settlement offer.

    If not, identify the client(s) with such authority who will attend the conference:_____

Is a settlement conference likely to be helpful?

>   **Plaintiff's position:** Plaintiff believes that a settlement conference will be helpful after discovery, including class discovery.

>   **Defendant's position:** Defendant would welcome the opportunity for an early settlement conference to explore an individual settlement.

    If so, when? Early? If some discovery is necessary first, identify what discovery is needed before a settlement conference is scheduled:_See above._____

When did the parties exchange Rule 26(a) initial disclosures?_7/13/2026_____

How much time do the parties need for fact discovery?_Approximately 9 months if not
                                                      bifurcated_____
Identify the core issues in this case:

>   **For Plaintiff**: Calls placed to Plaintiff and putative class members, legal elements of TCPA violation.
>   **For Defendant**: Plaintiff's standing and business use of the subject phone number if any.  Putative class members' standing and business use of their phone numbers.

Identify the relevant documents or categories of documents and/or other information necessary to prove your claims/defenses or resolve the core issues:

>   **Plaintiff's position:** Plaintiff requires classwide calling records and any associated records, such as lead records and putative consent records, to prove his claims.

> **Defendant's position:** For Plaintiff's individual claims, Defendant requires information relating to Plaintiff's use of the subject phone number.  Defendant does not believe that Plaintiff requires classwide discovery to try to prove his individual claim.

Where are these documents? Who will produce them?
> **Plaintiff's position:** The calling records are in the possession of the Defendant and third party telephone companies.

> **Defendant's position:** Plaintiff and Plaintiff's phone carrier will have information on Plaintiff's usage of the subject phone number.

What is the amount in controversy in this case?  Over $5 million

Identify any other discovery issues, including any need for sequencing of discovery, limitations on discovery, protective orders, or other elements which should be included in a particularized discovery plan:
> **Defendant's position:** This is a companion case to another case that Plaintiff's counsel filed last year, on behalf of a different Plaintiff, against Defendant. *See Newell v. JR Capital, LLC*, 25-cv-01419-GAM.  The Court in that case bifurcated discovery, and the parties are briefing summary judgment on the plaintiff's individual claims.  If summary judgment is denied, that case will proceed to class discovery.  The putative class in that case subsumes the putative class in this case.  Thus, to avoid potential duplication of efforts, Defendant proposes (a) proceeding immediately with discovery on Plaintiff's individual claim in this case and (b) deferring class discovery pending resolution of the motion for summary judgment in *Newell*.  Defendant believes that Plaintiff may lack standing to pursue his claims and seeks limited discovery to address this jurisdictional issue.  After that discovery, Defendant anticipates filing either a Rule 12(b)(1) motion or a summary judgment motion.

> **Plaintiff's position:**  Plaintiff  contends that such bifurcation is inappropriate, and requests that any bifurcation proposal be addressed through appropriate briefing.

Is electronically stored information at issue? If yes, have you discussed its production?  Yes
Yes, the calling records should be readily obtained from the systems used to place the calls.

Does either side expect to file a case-dispositive motion?  Yes, both parties
> If yes, under what Rule and on what issue(s)?  Defendant – Rule 12(b)(1) or Rule 56
> Plaintiff - Rule 23, on class certification
> What is the proposed deadline for filing dispositive motions?  If discovery is not bifurcated, May 1, 2027

Does either side anticipate the use of experts?  Yes

If yes, what is the proposed deadline for expert discovery?  Plaintiff's expert—30 days after the close of fact discovery; Defendant's expert—30 days after Plaintiff's expert; rebuttal experts—30 days thereafter.

Approximate date case should be trial-ready:  After dispositive motions
   Trial time for Plaintiff's case:

            Plaintiff's position: 3 days if the case proceeds on an individual basis; 5 days if the class proceeds on a class basis.

            Defendant's position: 1-2 days if the case proceeds on an individual basis; 2-3 weeks if the case proceeds on a class basis.

Have you discussed consenting to proceed before a United States Magistrate Judge?  There is no consent.

**Use additional pages to submit your responses if necessary**

***Email this form to Chambers no later than one day before the Rule 16 Conference***
***chambers_of_judge_sanchez@paed.uscourts.gov***

3