**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**JR CAPITAL, LLC**<br><br>*Defendant*. | Case No.<br><br>2:26-cv-02878<br><br>Honorable Antonio M. Pozos |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff James E. Shelton and Defendant JR Capital, LLC (together, the "Parties"), by and through their undersigned counsel, jointly and respectfully move this Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Policies and Procedures of the Honorable Antonio M. Pozos, for entry of an order amending the case schedule entered on July 28, 2026 (ECF No. 17).

In support of this motion, the Parties state as follows:

1. On July 28, 2026, the Court entered a Scheduling Order (ECF No. 17) setting deadlines for, among other things, Phase I and Phase II discovery, dispositive motions, briefing on dispositive motions, oral argument, and class certification briefing. The matter was originally assigned to the Honorable Juan R. Sánchez.

2. This matter has since been reassigned to the Honorable Antonio M. Pozos, and the Parties accordingly bring this motion in accordance with Judge Pozos's Policies and Procedures governing requests for extensions of time.

3. Since entry of the Scheduling Order, the Parties have been diligently pursuing Phase I discovery, including written discovery and depositions. Defendant served its responses to

Plaintiff's interrogatories and document requests, and the Parties have since been working cooperatively to schedule and complete the depositions of Plaintiff and of Defendant's corporate designee under Federal Rule of Civil Procedure 30(b)(6).

4. Lead defense counsel for Defendant has been unavailable for an extended period due to a personal matter requiring his attention, which has delayed the completion of the remaining depositions in Phase I discovery. As a result, Plaintiff's deposition, previously noticed for September 10, 2026, was rescheduled and has not yet proceeded, and Defendant's Rule 30(b)(6) deposition likewise remains outstanding.

5. The Parties have conferred and agree that a thirty (30) day extension of the remaining deadlines in the Scheduling Order is necessary to permit the Parties to complete Plaintiff's deposition, Defendant's Rule 30(b)(6) deposition, and any related follow-up discovery, without disrupting the overall structure or sequence of the case schedule.

6. Good cause exists for the requested extension. The Parties have acted diligently throughout the discovery period, but lead defense counsel's unavailability due to a personal matter beyond the Parties' control has prevented completion of the remaining Phase I depositions within the current schedule. Absent an extension, the Parties would be unable to complete Phase I discovery, including the depositions necessary to address Plaintiff's standing, before the current September 18, 2026, deadline.

7. This is the Parties' first request to extend the deadlines in the Scheduling Order, the request is made jointly and is unopposed, and no party will be prejudiced by the requested extension. The extension will not affect any hearing date other than the oral argument date on dispositive motions, which the Parties respectfully request be rescheduled consistent with the proposed amended schedule below, subject to the Court's availability.

8. Judge Pozos's Policies and Procedures generally require that a request for an extension or continuance be made at least seven days before the applicable deadline, or include a showing of good cause why the requesting party could not comply with that requirement. The Parties recognize that this motion is being filed five days before the current September 18, 2026 Phase I discovery deadline, and respectfully submit that good cause exists for the shortened notice.

9. The need for an extension did not become apparent until lead defense counsel's unavailability extended into September 2026, after which counsel for the Parties promptly conferred regarding a proposed extension. The Parties reached agreement on the proposed thirty-day extension by early September 2026 and have since been coordinating the preparation of this joint motion, including confirming the procedural requirements applicable following the case's reassignment to Judge Pozos. The Parties respectfully submit that this timeline reflects diligence under the circumstances and that the short notice is attributable to the timing of counsel's unavailability and the intervening reassignment, rather than any lack of diligence by the Parties.

10. The Parties further note that this motion is unopposed and jointly filed, which the Parties respectfully submit supports a finding of good cause for the Court to consider the request notwithstanding the shortened notice.

11. The Parties respectfully request that the Court extend each of the remaining deadlines in the Scheduling Order (ECF No. 17) by thirty (30) days, as follows:

| Deadline | Current Date | Proposed Amended Date |
|---|---|---|
| Phase I Discovery completed | September 18, 2026 | October 19, 2026 |
| Dispositive motions filed | October 9, 2026 | November 9, 2026 |
| Responses to dispositive motions filed | October 23, 2026 | November 23, 2026 |
| Replies in support of dispositive motions filed | October 30, 2026 | November 30, 2026 |

| Deadline | Current Date | Proposed Amended Date |
|---|---|---|
| Oral argument on dispositive motions | November 3, 2026 | December 3, 2026, or as soon thereafter as is convenient for the Court |
| Phase II Discovery begins (earlier of 7 days after denial of dispositive motion or fixed date) | December 30, 2026 | January 29, 2027 |
| Phase II Discovery completed | April 30, 2027 | June 1, 2027 |
| Plaintiff's Motion for Class Certification due | May 14, 2027 | June 14, 2027 |
| Defendant's Response to Motion for Class Certification due | May 28, 2027 | June 28, 2027 |
| Plaintiff's Reply in Support of Motion for Class Certification due | June 4, 2027 | July 6, 2027 |

A Proposed Amended Scheduling Order reflecting these new deadlines is submitted herewith as **Attachment 1**.

12. Relatedly, Plaintiff's Reply in Support of the Motion for Class Certification, currently due June 4, 2027, would be due July 4, 2027 under a straight thirty-day extension; because that date falls on a federal holiday, the Parties propose that this deadline instead fall on July 6, 2027, the next business day, consistent with Federal Rule of Civil Procedure 6(a)(1)(C).

13. A proposed order reflecting the amended schedule is being submitted concurrently herewith, and, consistent with the Court's Policies and Procedures, a copy in Microsoft Word format will be emailed to Chambers.

14. For the foregoing reasons, the Parties respectfully and jointly request that the Court grant this motion and enter the accompanying proposed order amending the Scheduling Order (ECF No. 17) as set forth above.

Dated: September 14, 2026

Respectfully submitted,

*<u>/s/ Andrew R. Perrong (with permission)</u>*
Andrew Roman Perrong
PERRONG LAW LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
Telephone: (215) 225-5529
Facsimile: (888) 329-0305
<u>a@perronglaw.com</u>

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
<u>anthony@paronichlaw.com</u>

*Attorneys for Plaintiff*

*<u>/s/ Michael J. Hopkins</u>*
Scott J. Helfand (*Pro Hac Vice*)
Michael J. Hopkins (*Pro Hac Vice*)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 341-9876
Facsimile: (312) 655-1501
<u>Scott.Helfand@huschblackwell.com</u>
<u>Michael.hopkins@huschblackwell.com</u>

Laura K. Conroy (PA State Bar No. 206797)
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, D.C. 20006-3606
Telephone: (202) 378-5388
Facsimile: (202) 378-2319
<u>Laura.Conroy@huschblackwell.com</u>

*Attorneys for Defendant*